# Report and Recommendation Upon Referral of a Motion for a Judgment of Foreclosure/Inquest to Magistrate Judge Brown

Case Name and Docket Number:     **CIT Bank, N.A. v. Andrea Gordon, Aubrey Love, Eileen K. Park[1], Jesus Hernandez, Linda Larios, Latonji Bishop, Brookhaven Memorial Hospital, Suffolk Plastic Surgeons, P.C.,** No. 17-cv-3972 (ADS) (GRB)

Having reviewed all of the moving papers, I hereby find as follows:

*Service of Process and Default*

☑ The record reflects that proper service was made on defendant.  [DE 10-14, 16, 18]

☑ According to the record, no answer, motion or other appearance was filed on behalf of the defaulting defendants.

☑ The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a) [DE 21]

*Liability*

The default of defendants **Andrea Gordon, Aubrey Love, Jesus Hernandez, Linda Larios, Latonji Bishop, Brookhaven Memorial Hospital, Suffolk Plastic Surgeons, P.C** (the "mortgagor defaulting defendants") constitute "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co*., 373 F.3d 241, 244 (2d Cir.2004).  Nevertheless, the court is "required to determine whether the [plaintiff]'s allegations establish defendants' liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009).  Based upon examination of the complaint and motion papers, I find that plaintiff has demonstrated that the uncontroverted allegations, without more, establish mortgagor defaulting defendants' liability on the following cause of action:  **Article 13 of the New York Real Property Actions and Proceedings Law ("RPAPL") to foreclose a mortgage encumbering 615 Bryant Street, Westbury, New York 11590.**  See *Gustavia Home, LLC v. Saagber,* No. 16 CV 2099 (ADS)(SIL), 2017 WL 2684266, at *3 (E.D.N.Y.  June 2, 2017) (a plaintiff is entitled to foreclosure if it alleges "the existence of an obligation secured by a mortgage, and a default on that obligation"), *adopted by* 2017 WL 2684026 (E.D.N.Y. June 21, 2017).  Accordingly, the undersigned respectfully recommends that plaintiff's motion for a default judgment be granted against mortgagor defaulting defendants.

*Damages*

Based upon ☐  a hearing or   ☑ review of affidavits and other documentary evidence, *see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997) (court may rely upon affidavits and documents in calculating damages upon default); *see Eastern Sav. Bank, FSB v. Robinson,* No. 13-CV-7308 (ADS)(SIL), 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) (same), I hereby find that plaintiff has established damages as follows:

---

[1] By Order dated November 29, 2017, defendant Eileen K. Park, as the only party to appear in the Foreclosure Action, consented to the entry of Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) in order to move the matter to foreclosure sale.  [DE 26].  The remaining defendants are hereinafter referred to as the "defaulting defendants."

| | |
|---|---|
| <u>X</u> **Principal Damages** [Ray Aff., DE 27-2, ¶¶ 20-30, Exs. 1, 2, 10-13] | $    687,169.68[2] |
| **X Costs** [Vargas Decl., DE 11-1, ¶¶ 3, 15, Ex. I] See Appendix A | $           855.00 |

***Judgment of Foreclosure***

"Under New York law, a plaintiff is entitled to foreclosure as a matter of law through the production of the mortgage, the unpaid note, and evidence of default." *Onewest Bank, N.A. v. Cole,* No. 14-CV-3078 (FB)(RER), 2015 WL 4429014, at *4 (E.D.N.Y. July 17, 2015) (internal quotation marks and citations omitted); *see X Gustavia Home LLC v. Szabo,* No. CV 17-938 (ADS)(AYS), 2018 WL 1936470, at *2 (E.D.N.Y. Feb. 9, 2018) ("In the usual course, once a plaintiff mortgagee in a foreclosure action has established a *prima facie* case by presenting a note, a mortgage, and proof of default, it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor.") (internal quotation marks and citations omitted), *adopted by* 2018 WL 1157856 (E.D.N.Y. Feb. 28, 2018); *see also West Coast 2014-7, LLC v. Portillo-Pena,* No. CV 15-6036 (DRH)(AKT), 2016 WL 4506749, at *5 (E.D.N.Y. Aug. 5, 2016), *adopted by* 2016 WL 4507003 (E.D.N.Y. Aug. 26, 2015) ("In order to demonstrate entitlement to a foreclosure, a plaintiff must demonstrate the following elements: the existence of an obligation secured by a mortgage, and a default on that obligation") (internal quotation marks and citations omitted). "If these elements are established, the mortgagee has a presumptive right to collect, which can only be overcome by an affirmative showing by the defendant." *FirstStorm Partners 2 LLC v. Vassel,* No. 10-CV-2356, 2012 WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012) (internal quotation marks and citation omitted), *adopted by,* 2012 WL 1885861 (E.D.N.Y. May 23, 2012).

Plaintiff has submitted the requisite documentation, including copies of the Mortgage, Note, and proof of default. *See* Monahan Aff., DE 27-1, ¶¶ 4-15, Exs. A-D; Ray Aff., DE 27-2, ¶¶ 3-17, Exs. 1-9. The defaulting defendant have made no showing to overcome plaintiff's *prima facie* case. Accordingly, the undersigned respectfully recommends that a Judgment of Foreclosure and Sale be entered and executed in a form substantially similar[3] to the Proposed Judgment of Foreclosure and Sale (the "Proposed Judgment") submitted by plaintiff. *See* Monahan Aff., DE 27-1, ¶¶ 51-55, Ex. H. The undersigned further recommends that the district court appoint a referee[4] to effectuate the foreclosure and sale of the

---

[2] This principal balance includes interest through December 1, 2017. *See* Ray Aff., DE 27-2, ¶¶ 21-22, 30, Exs. 1, 10. The provision for prejudgment interest is set forth in the Note and the Proposed Judgment of Foreclosure and Sale. *See* Ray Aff., DE 27-2, ¶¶ 3-5, 21-22 Exs. 1-2; *see also Eastern Sav. Bank, FSB v. Beach,* No. 13-CV-0341 (JS) (AKT), 2014 WL 923151, at *10 (E.D.N.Y. Mar. 10, 2014) (awarding plaintiff interest based on the note and breakdown of accrued interest in a mortgage foreclosure action).

[3] Plaintiff requests that the Court designate the location for the foreclosure sale, a local newspaper for publication of the Notice of Sale, and the depository for funds received with no explanation for its proposal. *See* DE 27, ¶ e, Ex. H. Accordingly, the undersigned respectfully recommends that (i) the foreclosure sale be held in the Lobby of the United States District Court for the Eastern District of New York, 100 Federal Plaza, Central Islip, NY 11722; (ii) the Notice of Sale be published in *Newsday*; and (iii) the funds received from the foreclosure sale and for any surplus moneys following distribution of the foreclosure sale proceeds be deposited in any local banking institution insured by the FDIC. *See, e.g., Miss Jones LLC v. Foronjy,* CV 17-2009 (JFB) (ARL), DE 26.

[4] In the proposed Judgment of Foreclosure and Sale, plaintiff proposes that the Court designate a Special Master or Magistrate Judge to be appointed referee to effectuate the sale of the property. *See* DE 27, Ex. H; *see also* DE 27-1, ¶ 52. Thus, the undersigned respectfully recommends that the Court appoints

subject property and to conduct the sale of the mortgaged premises under the circumstances set forth in the Proposed Judgment.  *See id.*

*Conclusion*

**Based on the foregoing, the undersigned respectfully recommends that the plaintiff's motion for default judgment of foreclosure and sale be GRANTED in accordance with this Report and Recommendation.  In addition, the undersigned recommends that a Judgment of Foreclosure and Sale be entered in a form substantially similar to that proposed by plaintiff.**  *See* **Monahan Aff., DE 27-9.  The undersigned further recommends that the Court appoint Kathryn C. Cole, Esq., 1320 RXR Plaza, Uniondale, New York 11556 to serve as a referee to effectuate the sale of the property.**

*Objections*

A copy of this Report and Recommendation is being provided to plaintiff's counsel via ECF.  Furthermore, the Court directs plaintiff (1) to serve copies of this Report and Recommendation by overnight mail to defendants at the last known addresses, and (2) to file proof of service on ECF within two days.  Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive the right to appeal."); *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

/s/ Gary R. Brown
_____                    _____
GARY R. BROWN, United States Magistrate Judge              Date:   August 30, 2018

---

Kathryn C. Cole, Esq., 1320 RXR Plaza, Uniondale, New York 11556, an attorney whose fine reputation and work is well known to the undersigned.

Appendix A to Report and Recommendation Upon Referral of a Motion for a Default Judgment/Inquest: Attorneys' Fees and Costs:

*Case Name and Docket Number:*    **CIT Bank, N.A. v. Andrea Gordon, Aubrey Love, Eileen K. Park[5], Jesus Hernandez, Linda Larios, Latonji Bishop, Brookhaven Memorial Hospital, Suffolk Plastic Surgeons, P.C.,** No. 17-cv-3972 (ADS) (GRB)

Whereas counsel fees and costs are provided pursuant to paragraph 7(E) of the Note and paragraph 22 of the Mortgage being foreclosed, DE 27-2, Exs. 1-2, and authorized by law, *see CIT Bank, N.A. v. Ayers,* No. 15-7256 (JFB)(SIL), 2017 WL 3822083, at *3 (E.D.N.Y. July 18, 2017), *adopted by* 2017 WL 3726042 (E.D.N.Y. Aug. 24, 2017) (holding that attorneys' fees may be recovered "if they are contractually authorized in a mortgage and note"); *Capital One Nat. Ass'n v. 48-52 Franklin, LLC,* 2014 WL 1386609, at *9 (S.D.N.Y. Apr. 8, 2014) (attorneys' fees "may be recovered in the mortgage foreclosure action itself if the mortgage document obligates the mortgagor to pay such a fee for the expenses incurred in that action") (quoting *Levine v. Infidelity, Inc.,* 770 N.Y.S.2d 83, 84 (2d Dep't 2003)); *see United States Fidelity & Guar. Co. v. Braspetro Oil Servs. Co.,* 369 F.3d 34, 74 (2d Cir. 2004) ("parties may agree by contract to permit recovery of attorneys' fees if the contract is valid under applicable state law"), upon review of the submissions, the undersigned respectfully recommends the following with respect to reasonable attorneys' fees and costs in this matter:

**Attorneys' Fees**:

In determining a reasonable attorneys' fee award, both the Supreme Court and Second Circuit have held that the "lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a presumptively reasonable fee." *Millea v. Metro-N. R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation marks and citations omitted). The party seeking to recover attorneys' fees bears the burden of establishing the reasonableness of hours spent and rates charged and are required to submit detailed contemporaneous records, documenting the services rendered in connection with the action, including the name and background of each attorney who worked on the matter, the date the services were performed, the hours spent and the hourly rate charged. *See id.; New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). Indeed, courts in this District consider the "presumptively reasonable method" when calculating reasonable attorneys' fees in diversity actions. *CIT Bank, N.A. v. Ayers,* No. 15-7256 (JFB)(SIL), 2017 WL 6816486, at *2 (E.D.N.Y. Dec. 5, 2017), *adopted by* 2018 WL 317840 (E.D.N.Y. Jan 3, 2018). In general, a reasonable hourly rate is calculated by reference to the prevailing hourly rate charged for similar services in the district where the court sits for attorneys of "comparable skill, experience, and reputation." *Gierlinger v. Gleason,* 160 F.3d 858, 882 (2d Cir. 1998). In addition, courts must use their "experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir. 1992).

Here, plaintiff seeks an award of attorneys' fees totaling $10,442.50, comprised of: (i) a $2,800.00 flat fee; (ii) $5,442.50 in fees for services billed at hourly rates; and (iii) $2,200.00 in anticipated fees. *See* Monahan Aff., DE 27-1, ¶¶ 27-45. Although plaintiff submitted contemporaneous billing records along with the affirmation of Sean K. Monahan, Esq., with the exception of Michael H. Resnikoff,[6] it is unclear which individuals billed hours that were attributable to the flat fee services and which individuals billed fees for services billed at

---

[5] By Order dated November 29, 2017, defendant Eileen K. Park, as the only party to appear in the Foreclosure Action, consented to the entry of Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) in order to move the matter to foreclosure sale. [DE 26]. The remaining defendants are hereinafter referred to as the "defaulting defendants."

[6] Plaintiff states that Mr. Resnikoff billed 0.1 hours on this case which was applied to the flat fee. *See* Monahan Aff., DE 27-1, ¶¶ 34, 38.

hourly rates. *See CIT Bank, N.A. v. Dambra,* No. 14 Civ. 3951 (SLT) (VMS), 2015 WL 7422348, at *8 (E.D.N.Y. Sept. 25, 2015), *adopted by* 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) ("Where attorneys have requested a flat fee award, courts have permitted such awards where the attorney also presented contemporaneous time records"); *see Mack Fin. Servs. v Poczatek,* No. 10 Civ. 3799 (JS) (AKT), 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorney's fees must be based on contemporaneous time records specifying relevant dates, time spent and work done") (internal quotation marks and citation omitted), *adopted by,* 2011 WL 4628692 (E.D.N.Y. Sept. 30, 2011). Accordingly, with respect to plaintiff's request for fees incurred, the undersigned respectfully recommends that plaintiff's motion for attorney's fees be denied without prejudice to renewal upon the submission of supporting documentation sufficiently detailed and itemized for the fees sought.

In addition, plaintiff seeks to recover $2,200.00 in anticipated fees. "Courts in this District, however, typically do not award fees before they are incurred." *CIT Bank, N.A. v. Ayers,* No. 15 Civ. 7256 (JFB) (SIL), 2017 WL 6816486, at *5 (E.D.N.Y. Dec. 5, 2017), *adopted by,* 2018 WL 317840 (E.D.N.Y. Jan. 3, 2018) (collecting cases). Accordingly, the undersigned respectfully recommends that plaintiff's request for anticipated fees be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation after such fees are actually incurred.

**Costs[7]**

On this application, plaintiff seeks an award of $1,245.00 for litigation costs and disbursements that have been made in this action. *See* Statement of Damages/ Fees and Disbursements, DE 11-1, Ex. I. Reasonable and identifiable out-of-pocket expenses "incurred by attorneys and ordinarily charged to their" clients are recoverable. *See LeBlanc-Sternberg v. Fletcher,* 143 F.3d 748, 763 (2d Cir. 1998); *see Monette v. County of Nassau,* No. 11-CV-539 (JFB) (AKT), 2016 WL 4145798, at *10 (E.D.N.Y. Aug. 4, 2016). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Monette*, 2016 WL 4145798, at *10 (internal quotation marks and citations omitted); *see Trustees of Empire State Carpenters Annuity v. C.R. Edwards Construction Co.,* No. 15-CV-5232 (JFB) (ARL), 2016 WL 6875969, at *7 (E.D.N.Y. Nov. 22, 2016). Although plaintiff has submitted a Statement of Damages, including a Statement of Fees and Disbursements, *see* DE 1-11, it has not provided documentation to verify all of the amounts sought. *See Eastern Savings Bank, FSB v. Whyte,* No. 13-CV-6111 (CBA) (LB), 2015 WL 790036, at *4 (E.D.N.Y. Feb. 24, 2015) (awarding costs where supporting documents, including invoices for the amounts sought, established plaintiff's reasonable costs and expenses). Thus, the undersigned recommends that only the following costs listed below which plaintiff has documented be awarded. In addition, the undersigned recognizes that the docket report reflects that $400.00 was incurred in filing the complaint in this action, *see* DE 1, and this cost is recoverable. *See C.R. Edwards Construction Co.,* 2016 WL 6875969, at *8 (costs for filing fee are recoverable). Moreover, as set forth below the following costs. Accordingly, the undersigned recommends that plaintiff be awarded $855.00 in costs. The undersigned further recommends that plaintiff's motion for the additional $390.00 for costs and disbursements be denied without prejudice to renewal upon the submission of proper documentation.

---

[7] *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees).

Plaintiff has provided documentation for the following costs:

| Fees and Disbursements | Amount |
|---|---|
| LP Filing | $ 75.00 |
| FNMA Foreclosure/ 2 Owner Bundle | $275.00 |
| Filing Fee | $400.00 |
| Postal Fee | $ 10.00 |
| Process Service Fees | $ 95.00 |
|  |  |
| **Total** | **$855.00** |