UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CIT BANK, N.A.,<br><br>                    Plaintiff,<br><br>vs.<br><br>ANDREA GORDON, AUBREY LOVE, EILEEN K. PARK, JESUS HERNANDEZ, LINDA LARIOS, LATONJI BISHOP, BROOKHAVEN MEMORIAL HOSPITAL, SUFFOLK PLASTIC SURGEONS, P.C.,<br><br>                    Defendants. | Case No.: 2:17-cv-03972-ADS-GRB<br><br>**CIT BANK, N.A.'S OBJECTION TO REPORT AND RECOMMENDATION** |

Sean K. Monahan, an attorney duly admitted to practice before the Courts of this State and District, affirms as follows under penalty of perjury:

1.    I am associated with the law firm of Bronster, LLP, attorneys for plaintiff CIT Bank, N.A., ("CIT" or "Plaintiff") in this action.  I am familiar with the facts set forth herein by virtue of my review of the file maintained in our office and the public record.

2.    I submit this affirmation in objection to Magistrate Judge Gary R. Brown's Report and Recommendation dated August 30, 2018 ("Report"). Pursuant to Court Order dated September 4, 2018, Plaintiff's time to object was stayed pending the resolution of the defendant Andrea Gordon's bankruptcy proceeding, DE 32. The stay was lifted on May 9, 2019, DE 34. Specifically, Plaintiff objects to the Report's recommendations (1) denying Plaintiff's claim for $8,242.50 in incurred attorney's fees; and (2) granting in part and denying in part Plaintiff's claim for $2,200.50 in costs.

*Attorney's Fees*

3.    The Court denied Plaintiff request for an award of attorney's fees in the amount of $10,442.50, consisting of $2,800.00 in fees at a flat fee rate, $5,442.50 in fees at an hourly rate,

305045.137

and $2,200.00 in anticipated fees at a flat fee rate to be paid upon completion of the foreclosure sale. Plaintiff objects to the court's denial of the $2,800.00 flat fee and $5,442.50 in hourly fees. Plaintiff does not object to the Court's denial of $2,200.00 in anticipated fees.

4. The Court denied Plaintiff's flat fee and hourly fees stating, "it is unclear which individuals billed hours that were attributable to the flat fee services and which individuals billed fees for the services billed at hourly rates." Plaintiff objects and respectfully submits that this information was clearly provided to the Court and the Court should have awarded these fees in full.

5. Paragraph 32 of the Monahan Affirmation, DE 27-1, itemized the total hours billed at the flat fee rate, and the hours billed hourly rate by attorney and hourly rate:

"Plaintiff's attorneys have also billed at an hourly rate as follows: Andrew Jacobson billed a total of 1.3 hours at a rate of $475.00 per hour for a total of $617.50, Michael Resnikoff billed a total of 0.1 hours at a rate of $475.00 per hour for a total of $47.50, Sean Monahan billed 11.4 hours at a rate of $390.00 per hour for a total of $4,446.00, Rachel Drucker billed 0.2 hours at a rate of $390 per hour and 0.3 hours at a rate of $295.00 per hour for a total of $166.50, and Julius Crockwell billed 1.0 hours at $165.00 per hour for a total of $165.00."

6. Paragraphs 34-37, which outlined the qualifications of each attorney who billed hours, also itemized the hours billed hourly by each attorney and the applicable hourly rate.

7. Furthermore, the invoices attached to the Monahan Affirmation at Exhibit G, DE 27-8, state at the top of each invoice whether the invoice was for hourly billing or flat fee billing. The body of the invoice contains itemized entries consisting of the date, attorney, description, time and fee. The last page of each invoice contains a summation of the total hours billed by

305045.137

each attorney, and for those invoices consisting of only hourly billing, the hourly rate for each attorney. The invoices dated February 21, 2017, April 11, 2017, October 16, 2017, and November 22, 2017 were entirely billed at hourly rates. The invoice dated September 19, 2017 contained 25.0 hours billed at the flat rate and 0.5 hours billed at hourly rates. The three entries billed at hourly rates are highlighted at the bottom of page 3 of the invoice, and include the date, initials of the attorney, a description, the total hours, the hourly rate and the fee. It is respectfully submitted that the invoices clearly establish what was billed hourly and what was billed at a flat rate, and by which attorneys, and Plaintiff should be awarded $8,242.50 in attorney's fees.

8.      Accordingly, Plaintiff objects to the courts denial of $2,800.00 in attorney's fees billed at a flat rate and $5,442.50 in attorney's fees billed at an hourly rate and requests that Plaintiff be awarded attorney's fees in the amount of $8,242.50.

*Costs*

9.      Plaintiff objects to the Court's partial grant and partial denial of Plaintiff's request for costs. It is respectfully submitted that Plaintiff's request provided sufficient documentation of the costs incurred. Plaintiff requested costs in the amount of $2,200.50 consisting of $395.00 in filing fees and $1,805.50 for service of process. *See* Monahan Affirmation at ¶46. In its Report and Recommendation however, the Court stated that Plaintiff requested $1,245.00 in costs and referred to a "Statement of Damages/Fees and Disbursements, DE 11-1, Ex. 1." The document the Court refers to was not included in Plaintiff's motion. DE 11 in this action is the Affidavit of Service of the Summons and Complaint on Defendant Linda Larios. There is no DE 11-1 or Exhibit 1. Plaintiff's request for costs was made in the Monahan Affirmation, DE 27-1, and the invoices for the requested costs were attached as Exhibit G to the Monahan Affirmation, DE 27-

305045.137

8. Furthermore, the court itemized $855.00 in costs awarded to Plaintiff, but the description of the itemized costs did not match Plaintiff's request.

10. Plaintiff respectfully submits it provided sufficient documentation to support its request for $2,200.50 in costs. Exhibit G of the Monahan Affirmation includes an invoice from Advantage Legal in the amount of $395 for the LP filing fee, and 4 invoices from Alstate Process Service, Inc. in the amounts of $55.00, $1,695.50, $55.00, and $55.00, for a total of $1,805.50.

11. Accordingly, Plaintiff objects to the Courts recommendation granting in part and denying in part Plaintiff's request for costs and requests that the Court grant Plaintiff $2,200.50 in costs.

## **CONCLUSION**

12. For the reasons stated above, Plaintiff objects to the Report's recommendations (1) denying Plaintiff's claim for $8,242.50 in incurred attorney's fees; and (2) granting in part and denying in part Plaintiff's claim for $2,200.50 in costs, and requests that Plaintiff be awarded $8,242.50 in attorney's fees and $2,200.50 in costs.

Dated: New York, New York
   May 9, 2019

        Respectfully submitted,

        BRONSTER, LLP Attorneys for Plaintiff

        By: /s/ Sean K. Monahan
           Sean K. Monahan, Esq.
           156 West 56th Street
           New York, New York 10019
           (347) 246-4888

305045.137