FILED
CLERK
10:45 am, Aug 22, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CIT BANK, N.A.,

                Plaintiff,

     -against-

ANDREA GORDON, AUBREY LOVE,
EILEEN K. PARK, JESUS HERNANDEZ,
LINDA LARIOS, LATONJI BISHOP,
BROOKHAVEN MEMORIAL HOSPITAL,
SUFFOLK PLASTIC SURGEONS, P.C.,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
2:17-cv-3972 (ADS) (GRB)

**APPEARANCES:**

**Bronster, LLP**
*Attorneys for the Plaintiff*
156 West 56th Street
New York, NY 10019
    By:    Andrew Lawrence Jacobson, Esq.,
           Sean Kevin Monahan, Esq., Of Counsel.

**Eileen K. Park**
*Pro se Defendant*
143-07 Sanford Avenue, Apt. 3G
Flushing, NY 11355

**SPATT, District Judge**:

On July 5, 2017, the Plaintiff brought a diversity action against the following defendants: Andrea Gordon, Aubrey Love, Eileen K. Park, Jesus Hernandez, Linda Larios, Latonji Bishop, Brookhaven Memorial Hospital, and Suffolk Plastic Surgeons, P.C. ("the Defendants"). ECF 1. The Plaintiff brought the action to foreclose a mortgage encumbering property located at 615 Bryant Street, Westbury, New York 11590. *Id.*

1

One of the Defendants, Eileen K. Park, filed a pro se answer. ECF 17. On September 27, 2017, after the other Defendants failed to answer or otherwise respond, the Plaintiff requested a certificate of default as to those Defendants. ECF 20. On October 2, 2017, the Clerk of Court entered a default against those Defendants. ECF 21. Afterward, the Plaintiff and Defendant Park reached a stipulation by which, inter alia, Park consented to a Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(c) judgment on the pleadings in the Plaintiff's favor, in order to accelerate the sale of the property at 615 Bryant Street. ECF 25, 26.

On December 14, 2017, the Plaintiff moved for a default judgment against the Defendants in addition to Park; a computation of sums due; and a judgment of foreclosure and sale. ECF 27. The Plaintiff asked for attorney's fees of $10,422.50, which included a $2,800.00 flat fee, $5,422.50 in fees for services billed at hourly rates, and $2,200.00 in anticipated fees. ECF 27-1 at 7, 10. It also asked for $2,200.50 in costs. *Id.* at 6. The Plaintiff appended to the default judgment motion an affirmation discussing, inter alia, attorney's fees and costs. *Id.* It also attached invoices that detailed records of legal fees and costs. ECF 27-8.

On December 15, 2017, the Court referred the motion to United States Magistrate Judge Gary R. Brown for a Report and Recommendation as to whether the motion for a default judgment and judgment of foreclosure and sale should be granted, and, if so, whether damages should be awarded, including reasonable attorney's fees and costs. ECF 28.

On August 30, 2018, Judge Brown issued a Report and Recommendation ("R&R"), recommending as follows:

> Based on the foregoing, the undersigned respectfully recommends that the plaintiff's motion for default judgment of foreclosure and sale be GRANTED in accordance with this Report and Recommendation. In addition, the undersigned recommends that a Judgment of Foreclosure and Sale be entered in a form substantially similar to that proposed by plaintiff. *See* Monahan Aff., DE 27-9. The undersigned further recommends that the Court appoint Kathryn C. Cole,

Esq., 1320 RXR Plaza, Uniondale, New York 11556 to serve as a referee to effectuate the sale of the property.

ECF 30 at 3. In addition, Judge Brown recommended denying the request for attorney's fees, without prejudice to renewal, because (a) counsel did not provide supporting documentation that "sufficiently detailed and itemized" the fees sought; and (b) courts typically do not award fees before parties incur them. *Id.* at 5. Regarding the itemization of fees, Judge Brown observed that, with the exception of one of the Plaintiff's five attorneys, the Plaintiff did not clearly state "which individuals billed hours that were attributable to the flat fee services and which individuals billed fees for services billed at hourly rates." *Id.* at 4–5. Judge Brown recommended granting leave to renew upon the submission of appropriate documentation. *Id.* at 5.

As to costs, Judge Brown made the following recommendation. The Plaintiff had requested $1,245.00 in costs. *Id.* at 5. He cited a document number "11-1" in support of that figure. *Id.* Though the Plaintiff had submitted a Statement of Damages, it did not provide documentation to verify all of the amounts sought. *Id.* Thus, Judge Brown recommended awarding Plaintiff $855.00 in costs and denying the request for the remaining $390.00, without prejudice to renewal, upon the submission of proper documentation. *Id.*

After the issuing of the R&R, the Court stayed the case pending a bankruptcy proceeding of Defendant Andrea Gordon. ECF 32. On May 9, 2019, after the bankruptcy court closed Gordon's case, the Court lifted the stay. ECF 34.

Presently before the Court are the Plaintiff's objections to the R&R's calculation of attorney's fees and costs. ECF 36. For the reasons that follow, the Court overrules the Plaintiff's objection as to attorney's fees; sustains the objection as to costs; and adopts the R&R

3

in part, as to the granting of the default judgment of foreclosure and sale, the appointment of Kathryn C. Cole, and the denial, without prejudice to renewal, of the motion for attorney's fees.

I. DISCUSSION

A. DISTRICT COURT REVIEW OF A MAGISTRATE JUDGE'S R&R

In the course of its review of a Magistrate Judge's report and recommendation, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

The district court must conduct a de novo review of those portions of the R&R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("the district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-

4

CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set for the= in the original petition." (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 44, 45 (S.D.N.Y. 2008))), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, —— F. App'x ——, No. 17-CV-383, 2018 WL 258793 (2d Cir. Jan. 2, 2018) (Summary Order); *Frankel v. City of N.Y.*, Nos. 06-CIV-5450, 07-CV-3436, 2009 WL 456645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entergris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party "makes only conclusory or general objections, . . . the Court reviews the [R&R] only for clear error") (internal citations omitted).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1286 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

**B. APPLICATION TO THE FACTS OF THIS CASE**

Here, the Plaintiff makes particularized objections to Judge Brown's calculation of attorney's fees and costs. The Court stayed the proceedings for four days after the issuance of the R&R, and the Plaintiff objected to the R&R the day after the Court lifted the stay. ECF 30,

5

32, 34, 36. Thus, the Plaintiff's objections are timely, the Court reviews those objections de novo. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3). The Court reviews the remainder of the R&R for clear error. *See, e.g.*, *Pall Corp.*, 249 F.R.D. at 51.

### a. Attorney's Fees

As a general matter, in determining appropriate attorney's fees, the "starting point" for calculating a "presumptively reasonable fee" is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 156 (2d Cir. 2011) ("both this Court and the Supreme Court have held that the lodestar . . . creates a 'presumptively reasonable fee.'") (quoting *Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)) (and following *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)).

The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984), and the relevant community is generally the "district in which the court sits," *Polk v. New York State Department of Correctional Services.*, 722 F.2d 23, 25 (2d Cir. 1983).

"The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," *Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney, *see Scott v. City of New York*, 643 F.3d 56, 57 (2d Cir. 2011) (per curiam); *see also New York State Association for Retarded Children, Inc. v. Carey*, 711 F.2d 1136 (2d Cir. 1983)). Contemporaneous records are "'mandatory' and a 'prerequisite' for the award of fees." *Scott*, 626 F.3d at 133 (citing *Carey*, 711 F.2d at 1147).

6

The Plaintiff argues it should receive $2,800.00 in attorney's fees billed at a flat rate and $5,422.50 in fees billed at an hourly rate. ECF 36 at 2–3. It does not challenge the recommended denial of anticipated fees.

In support, the Plaintiff argues that the affirmation and invoices appended to the default judgment motion listed the hours worked by each attorney at the hourly rate, *id.*, and, that the invoices individually stated whether they were for hourly or flat fee billing, *id.* at 2–3. The Plaintiff specifically notes that invoices charging only hourly billing list the hourly rate for each attorney. *Id.* at 3. Further, it alleges that all of the hours billed at a flat fee came from one invoice, which "contained 25.0 hours billed at the flat rate and 0.5 hours billed at hourly rates," and that the attorneys highlighted on that invoice performed work at an hourly rate. *Id.* at 3 (referring to ECF 27-8 at 6–9). Thus, the invoice "clearly establish[es] what was billed hourly and what was billed at a flat rate." *Id.* The Court disagrees.

The invoice in question does not clearly delineate which hours the attorneys worked at an hourly rate and which hours they worked at a flat rate. The invoice lists 22 different entries of work done by the attorneys in varying increments of time. ECF 27-8 at 8. The final three entries on the list are highlighted and they have a number next to them preceded by the "@" symbol ("@ 390.00"); presumably, this is the hourly rate for the time worked. However, the following page of the invoice provides as follows:

**HOURLY RATE**

| | | |
|---|---|---|
| Bogard, Mark D. | 0.10 Hrs | $12.19 |
| Drucker, Rachel B | 0.30 Hrs | $30.63 |
| Jacobson, Andrew Lawrence | 6.60 Hrs | $1,045.47 |
| Monahan, Sean K. | 10.00 Hrs | $1,299.93 |
| Almonte, Manuel I. | 7.90 Hrs | $592.83 |
| Crockwell, Julius D. | 0.60 Hrs | $30.95 |
| | 25.50 Hrs | $3,012.00 |

7

*Id.* at 9. The summary for hours worked in this invoice does not differentiate between the flat rate and the hourly rate. In fact, the above-listed information on the invoice makes it appear as if all 25.50 hours were billed at the hourly rate. Thus, Judge Brown properly denied the Plaintiff's motion for attorney's fees, without prejudice to renewal. *See Mack Fin. Servs. v. Poczatek*, No. 10-CV-3799, 2011 WL 4628695, at *10 (E.D.N.Y. Aug. 30, 2011) ("In general, courts in this Circuit will not award attorney's fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorney's fees must be based on contemporaneous time records specifying relevant dates, time spent and work done") (internal quotation marks and citation omitted), *adopted in part by*, 2011 WL 4628962 (E.D.N.Y. Sept. 30, 2011); *see also Cablevision Sys. New York City Corp. v. Figueroa*, No. 02-CV-5632, 2006 WL 1997394, at *5 (S.D.N.Y. June 1, 2006); *Broadcast Music, Inc. v. R Bar of Manhattan, Inc.*, 919 F. Supp. 656, 661 (S.D.N.Y. 1996).

   b. **Costs**

As to costs, reasonable expenses incurred in pursuing litigation "incurred by attorneys and ordinarily charged to" clients are recoverable. *See Leblanc-Sternberg. v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Houston v. Cotter*, 234 F. Supp. 3d 392, 411 (E.D.N.Y. 2017) (internal quotation marks omitted).

The Plaintiff objects to the cost determination in the R&R as follows. First, the Plaintiff had sufficiently documented the $2,200.50 in costs by requesting in the affirmation $395.00 in filing fees and $1,805.50 for service of process. *Id.* at 3 (citing ECF 27-1 at 11 and 27-8). Second, the R&R incorrectly stated that the Plaintiff had requested $1,245.00 in costs and referred to a document 11-1 statement of damages, a document that does not exist. *Id.* Third, the

$855.00 in costs awarded did not match the requests listed in the Plaintiff's invoices. *Id.* at 4. The Court agrees and sustains the Plaintiff's objection.

The R&R seemingly refers to another action in its partial grant and partial denial of the motion for costs. In doing so, it did not consider the request for costs made by the Plaintiff in this action, and the Court therefore sustains the Plaintiff's objection.

### c. Remainder of the R&R

Neither party has objected to any other part of the R&R. As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the remaining portions of the R&R for clear error, and, finding none, now concurs in both its reasoning and result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at * 1 (reviewing R&R without objections for clear error).

## II. CONLCUSION

For the foregoing reasons, the Court sustains the Plaintiff's objection as to costs and overrules the Plaintiff's objection as to attorney's fees. The Court adopts in part the R&R to the extent that it recommends: (a) granting the Plaintiff's motion for default judgment of foreclosure and sale; (b) appointing Kathryn C. Cole, Esq. to serve as referee to effectuate the sale of the property; and (c) denying, without prejudice to renewal, the Plaintiff's motion for attorney's fees. Upon the Plaintiff's refiling of its motion for attorney's fees, the Court will also consider any requests for costs.

**SO ORDERED.**

Dated: Central Islip, New York  /s/ Artur D. Spatt
August 22, 2019  ARTHUR D. SPATT
United States District Judge