UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CIT BANK N.A.,

                        Plaintiff,                **REPORT AND RECOMMENDATION**

  -against-                                     17-cv-3972 (ADS)(SIL)

ANDREA GORDON, AUBREY LOVE, EILEEN K. PARK, JESUS HERNANDEZ, LINDA LARIOS, LATONJI BISHOP, SUFFOLK PLASTIC SURGEONS, P.C., and BROOKHAVEN MEMORIAL HOSPITAL

                        Defendants.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, in this mortgage foreclosure action, is Plaintiff CIT Bank, N.A.'s ("Plaintiff" or "CIT") Motion for Attorneys' Fees. *See* Docket Entry ("DE") [40]. Plaintiff commenced this action against Defendants Andrea Gordon, Aubrey Love, Jesus Hernandez, Linda Larios, Latonji Bishop, Suffolk Plastic Surgeons, P.C. and Brookhaven Memorial Hospital ("Defendants") and Eileen K. Park ("Park") by Complaint filed on July 5, 2017. *See* Complaint ("Compl."), DE [2]. On August 22, 2019, pursuant to the Honorable Gary R. Brown's Report and Recommendation, Judge Spatt granted CIT's motion for default judgment against Defendants and denied without prejudice its request for attorneys' fees. *See* DE [37]. Plaintiff filed the instant motion on September 27, 2019, *see* DE [40], which Judge

1

Spatt referred to this Court for Report and Recommendation. *See* DE [41].[1] For the reasons set forth herein, the Court respectfully recommends that CIT's motion be granted in part and denied in part.

## I. BACKGROUND

By way of Complaint filed on July 5, 2017, Plaintiff commenced this diversity action against Defendants and Park, seeking, among other things, to foreclose on its mortgage encumbering the property located at 615 Bryant Street, Westbury, New York 11590 (the "Subject Property"). *See* Compl. ¶ 1. On August 23, 2017, Park filed an Answer to the Complaint. *See* DE [17]. Thereafter, CIT and Park entered into a stipulation, by which Park consented to a Federal Rule of Civil Procedure 12(c) judgment on the pleadings in Plaintiff's favor, in order to accelerate the sale of the Subject Property. *See* DEs [25]-[26].

The Defendants, however, failed to timely answer, move or otherwise respond to the Complaint. Accordingly, at CIT's request, the Clerk of the Court entered default against Defendants on October 2, 2017. *See* DE [21]. On December 14, 2017, Plaintiff filed a Motion for Default Judgment against Defendants, which Judge Spatt referred to Judge Brown for a Report and Recommendation. *See* DEs [27], [28]. Judge Brown recommended that CIT's motion for default judgment be granted and that Plaintiff be permitted to collect the amounts due pursuant to the note (the "Note") and the mortgage (the "Mortgage") encumbering the Subject Property and to foreclose on the Mortgage. *See* DE [30]. Judge Brown further recommended that CIT's request

---

[1] This motion was initially referred to Judge Brown and reassigned to the undersigned on January 21, 2020. *See* Case Reassignment, dated January 21, 2020.

for attorneys' fees be denied with leave to renew, concluding that Plaintiff had failed to submit sufficient documentation that would permit the Court to determine the reasonableness of the fees sought. *Id.* at 5. Judge Spatt adopted the Report and Recommendation with respect to, among other things, CIT's request for attorneys' fees. *See* DE [37]. Thus, on September 27, 2019, Plaintiff filed the instant motion, which Judge Spatt referred to this Court for a Report and Recommendation on September 30, 2019. *See* DEs [40],[41].

## II. DISCUSSION

CIT seeks an award of attorneys' fees totaling $21,964.00. *See* Attorney Affirmation in Support of CIT Bank N.A.'s Motion for Attorney's Fees, ("Monahan Aff."), DE [40-1], ¶¶ 3, 17. As an initial matter, the Court notes that Plaintiff is entitled to attorneys' fees. In a diversity action, such as this, state law controls the availability and proper calculation of attorneys' fees. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 177 (2d Cir. 2005) (noting that "state law creates the substantive right to attorney's fees") (internal quotation marks, citation and alteration omitted). The Mortgage underlying the lawsuit giving rise to the instant motion contains a choice of law clause, which provides that it is "governed by federal law and the law of New York State." *See* CIT Bank, N.A.'s Affidavit in Support of Default Judgment, Computation, and Judgment of Foreclosure and Sale ("CIT Aff."), DE [27-2], Exhibit ("Ex.") 2, § 16. Under New York law, attorneys' fees in mortgage foreclosure actions may only be recovered if they are contractually authorized, as there is no statute in New York providing for the

3

recovery of attorneys' fees in such actions.  *See Vigo v. 501 Second St. Holding Corp.*, 121 A.D.3d 778, 779, 994 N.Y.S.2d 354, 356 (2d Dep't 2014) (citation omitted).  Here, the terms of the Note and the Mortgage entitle CIT to recover reasonable attorneys' fees incurred due to Defendants' default.  *See* CIT Aff. Ex. 2, § 22; CIT Aff. Ex. 1, § 7(E); *see also* Plaintiff's Memorandum of Law in Support of Motion for Attorney's Fees ("Pl. Memo"), DE [40-3], 3.

Nonetheless, a contractual provision providing for attorneys' fees "may only be enforced to the extent that the amount is reasonable and warranted for the services actually rendered."  *Vigo*, 121 A.D.3d at 779, 994 N.Y.S.2d at 356 (citation omitted).  The party seeking to recover attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  *OneWest Bank, N.A. v. Hawkins*, No. 14-cv-4656, 2015 WL 5706945, at *10 (E.D.N.Y. Sept. 2, 2015), *report and recommendation adopted*, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015).  Determining an award of attorneys' fees "rests soundly within the discretion of the district court."  *Firststorm Partners 2, LLC v. Vassel*, No. 10-cv-2356, 2012 WL 3536979, at *2 (E.D.N.Y. Aug. 15, 2012) (citation omitted).

Here, the $21,964.00 award that CIT seeks is comprised of:  (i) $19,164.00 in fees for services billed at hourly rates; and (ii) a $2,800.00 flat fee.  *See* Monahan Aff., ¶ 8. In support of its motion, Plaintiff has submitted an affirmation prepared by its attorney Sean K. Monahan (the "Monahan Affirmation") and copies of legal invoices prepared by CIT's former law firm, Windels Marx Lane & Mittendorf, LLP ("WMLM")

4

and current law firm Bronster, LLP ("Bronster"), both of which represented Plaintiff in this action. *See* Monahan Aff.; Exhibit to Affirmation ("Aff. Ex."), DE [40-2]. For the reasons set forth below, the Court respectfully recommends that CIT's motion for attorneys' fees billed at hourly rates be granted in a reduced amount of $12,555.00 and that its motion for attorneys' fees at a flat fee rate be denied without prejudice to renewal.

    i.    *Services Billed at Hourly Rates*

To determine whether attorneys' fees are reasonable, courts calculate the "'presumptively reasonable fee'" by multiplying the reasonable hourly rate for each attorney by the reasonable number of hours expended. *Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 617 (E.D.N.Y. 2017) (quoting *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

The reasonable hourly rate is "'the rate a paying client would be willing to pay,' based on the 'prevailing [hourly rate] in the community . . . where the district court sits.'" *E. Sav. Bank, FSB v. Whyte*, No. 13-cv-6111, 2015 WL 790036, at *8 (E.D.N.Y. Feb. 24, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 190 (2d Cir. 2007)).

To determine this number, courts consider:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation,

5

and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*ComLab, Corp. v. Kal Tire*, No. 17-cv-1907, 2019 WL 2144307, at *4 (S.D.N.Y. Apr. 18, 2019), *report and recommendation adopted*, 2019 WL 2137135 (S.D.N.Y. May 16, 2019) (citations omitted). Separate findings under each factor, however, are unnecessary. *See Montefiore Med. Ctr. v. Local 272 Welfare Fund*, No. 09-cv-3096, 2019 WL 4565099, at *5 (S.D.N.Y. Sept. 19, 2019) (citation omitted).

Here, Plaintiff seeks an award based on the following hourly rates: (i) $475.00 for Andrew L. Jacobson ("Jacobson"), who was admitted to practice in 1992 and became a partner at Bronster in September 2018; (ii) $390.00 for Sean K. Monahan ("Monahan"), an associate, who was admitted to practice in 2009;[2] (iii) $295.00 and $390.00 for Rachel B. Drucker ("Drucker"), an associate, who was admitted to practice in 2011;[3] (iv) $165.00 for Julius Crockwell ("Crockwell"), a chief paralegal; (v) $240.00 for Manuel Almonte ("Almonte"), a paralegal; and (vi) $210.00 for Laura Parella ("Parella"), whose position CIT does not indicate. *See* Monahan Aff. ¶¶ 8, 11-15. Plaintiff further requests $47.50 for 0.1 hours of work at an hourly fee of $475.00 performed by partner Michael H. Resnikoff ("Resnikoff"), *see* Monahan Aff. ¶ 8, but subsequently explains that the 0.1 hours billed by Resnikoff was applied to the flat fee. *Id.* at ¶ 10. Accordingly, the Court does not consider CIT's request based on Resnikoff's hourly rate.

---

[2] Monahan was a staff attorney with WMLM and became an associate at Bronster on September 1, 2018. *See* Monahan Aff. ¶ 13.

[3] Drucker's hourly rate was $295.00 in January 2017 and had increased to $390.00 by March 2017. *See* Aff. Ex. A at 2-4.

6

In support of the requested rates, Plaintiff has submitted short biographies detailing the experience, qualifications and billing rates of each attorney and paralegal other than Parella. *See* Monahan Aff. ¶¶ 10-15. CIT has not, however, offered any information about the difficulty of this case or the hourly rates approved in similar cases.

The Court finds the hourly rates that Plaintiff requests to be too high. Hourly rates in the Eastern District of New York generally range from $300.00 to $450.00 for partners, $200.00 to $325.00 for senior associates, $100.00 to $200.00 for junior associates and $85.00 to $100.00 for paralegals. *See CIT Bank, N.A. v. Elliot*, No. 15-cv-4395, 2019 WL 5694332, at *3 (E.D.N.Y. July 25, 2019), *report and recommendation adopted sub nom. CIT Bank N.A. v. Elliott*, 2019 WL 4439347 (E.D.N.Y. Sept. 17, 2019) (citation omitted); *Freedom Mortg. Corp. v. Ervin*, No. 18-cv-1082, 2019 WL 2436298, at *8 (E.D.N.Y. Feb. 12, 2019*), report and recommendation adopted*, 2019 WL 2511873 (E.D.N.Y. June 18, 2019) (citation omitted). In cases involving mortgage foreclosures, however, courts have found "lower than standard rates to be acceptable." *CIT Bank, N.A. v. Hawkins,* No. 14-cv-4656, 2017 WL 8786867, at *4 (E.D.N.Y. Sept. 14, 2017), *report and recommendation adopted in part*, 2018 WL 389087 (E.D.N.Y. Jan. 12, 2018) (citations omitted) (recommending reduction of hourly rates of senior associate and Of Counsel from $360.00 to $250.00, of mid-level associate from $295.00 to $220.00 and of paralegals from $165.00-$225.00 to $90.00). Further, based on a review of the docket and the descriptions of the type of work done in this case, it does not appear that this litigation

7

was complex or required a high level of skill, so as to warrant heightened hourly fees. *See Firststorm Partners 2*, 2012 WL 3536979, at *4 (noting that "straightforward mortgage default[]" did not raise "complex issues of law warranting a heightened hourly fee award[]"). Accordingly, the Court respectfully recommends reducing the hourly rates as follows:

| Name | Title | Hourly Rate Requested | Adjusted Hourly Rate |
|---|---|---|---|
| Jacobson | Partner | $475.00 | $375.00 |
| Monahan | Senior Associate | $390.00 | $250.00 |
| Drucker | Senior Associate | $295.00/$390.00 | $250.00 |
| Crockwell | Paralegal | $165.00 | $90.00 |
| Almonte | Paralegal | $240.00 | $90.00 |

With respect to Parella, CIT does not indicate her position with the law firms, and as such, the Court is unable to determine whether $210.00 is a reasonable hourly rate for work that she performed. Accordingly, the Court respectfully recommends denying Plaintiff's request for attorneys' fees for services rendered by Parella, which amount to $63.00 for 0.3 hours at $210.00 per hour. *See* Monahan Aff. ¶ 8.

Next, the Court considers whether the hours expended by counsel are reasonable. The Court relies on its experience with this case, as well as its "experience with the practice of law, to assess the reasonableness of the hours spent[.]" *See Div. 1181 Amalgamated Transit Union-New York Employees Pension Fund*, 270 F. Supp. 3d at 619 (internal quotation marks and citations omitted). Further, the Court must "adjust those portions of an invoice that reflect excessive, redundant or otherwise unnecessary hours." *See Bank of Am. v. Viders*, No. 10-cv-0025, 2011 WL 4527419, at *3 (E.D.N.Y. July 26, 2011), *report and recommendation*

8

*adopted sub nom. Bank of Am., Nat. Ass'n v. Viders*, 2011 WL 4440357 (E.D.N.Y. Sept. 23, 2011) (internal quotation marks and citation omitted); *see also Montefiore Med. Ctr.*, 2019 WL 4565099, at *5 ("Any hours that were not reasonably expended should be excluded.") (internal quotation marks and citation omitted). A party seeking an award of attorneys' fees must document "the hours reasonably spent by counsel, and thus must support its request by providing contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." *E. Sav. Bank, FSB v. Beach*, No. 13-cv-0341, 2014 WL 923151, at *14 (E.D.N.Y. Mar. 10, 2014) (internal quotation marks and citation omitted).

Here, CIT has provided the Court with invoices from its law firms, which note the date on which work was performed, descriptions of the work performed and the name and billing rate of the attorney or paralegal who performed the work. *See* Aff. Ex. Initially, the Court notes that the invoices reflect that certain attorneys, including Monahan and Jacobson, billed a greater number of hours than indicated in the Monahan Affirmation. The Court will not speculate as to why Plaintiff seeks to recover fees for fewer hours than those seemingly expended, nor will it tabulate each attorney's hours as reflected in the invoices to recommend awarding CIT more than it seeks. Accordingly, the Court considers only the number of hours that Plaintiff requests in the Monahan Affirmation.

9

CIT seeks reimbursement for 50 hours, comprising of: (i) 6.2 hours for work performed by Jacobson; (ii) 38.8 hours for work performed by Monahan;[4] (iii) 0.5 hours for work performed by Drucker; (iv) 2.0 hours for work performed by Crockwell; and (v) 2.5 hours for work performed by Almonte. See Monahan Aff. ¶¶ 8, 11-15.[5] This includes time spent: (i) obtaining and reviewing the title search of the Subject Property; (ii) reviewing the loan documents, including the Note and the Mortgage; (iii) drafting the Certificate of Merit and related documents; (iv) preparing, reviewing and filing the Summons, Complaint and Corporate Disclosure Statement; (v) drafting and filing the Notice of Pendency of Action; (vi) arranging service of the Summons on Defendants and Park; (vii) preparing and filing the Motion for Default Judgment against Defendants; and (viii) reviewing the August 2018 Report and Recommendation and preparing objections to same. See Monahan Aff. ¶ 6.

The Court has reviewed the invoices submitted by CIT and does not find any expenditure of time to be unnecessary or duplicative. Accordingly, the Court finds 50 hours to be reasonable and further finds the hours expended by each individual attorney and paralegal to be reasonable.

Multiplying the adjusted hourly rates set forth above by the hours expended by each attorney and paralegal, the Court calculates the presumptively reasonable fee for each attorney and paralegal as follows:

---

[4] Plaintiff initially indicates that Monahan billed 38.8 hours and subsequently indicates that he billed 28.8 hours. See Monahan Aff. ¶¶ 8, 13. CIT requests $15,132.00 for worked performed by Monahan at an hourly rate of $390.00. Id. at ¶ 8. Because this total amount can only be reached if Monahan billed 38.8 hours, the Court understands CIT's request for fees for 28.8 hours to be an error.

[5] Plaintiff also seeks 0.3 hours for work performed by Parella. See id. at ¶ 8. However, as discussed above, because CIT offers no information about Parella's qualifications, the Court recommends denying Plaintiff's request for attorneys' fees arising out of work performed by her.

10

| Name | Adjusted Hourly Rate | Hours Expended | Presumptively Reasonable Fee |
|---|---|---|---|
| Jacobson | $375.00 | 6.2 | $2,325.00 |
| Monahan | $250.00 | 38.8 | $9,700.00 |
| Drucker | $250.00 | 0.5 | $125.00 |
| Crockwell | $90.00 | 2.0 | $180.00 |
| Almonte | $90.00 | 2.5 | $225.00 |

Based on these presumptively reasonable fees, the Court respectfully recommends awarding Plaintiff $12,555.00 in attorneys' fees for services billed at hourly rates.

ii.     *Services Billed at a Flat Fee Rate*

Next, Plaintiff seeks $2,800.00 for 25 hours billed at a flat fee rate. *See* Monahan Aff. ¶ 8. Where there is a flat fee agreement, the court must still examine whether the fee is reasonable by calculating the presumptively reasonable fee and comparing it to the flat fee amount. *OneWest Bank, N.A. v. Cole*, No. 14-cv-03078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015), *as amended*, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *report and recommendation adopted*, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016) (citations omitted). Courts in the Second Circuit typically "will not award attorneys' fees assessed at a flat-rate unless the supporting documentation is detailed enough to satisfy the Second Circuit's requirement that attorneys' fees must be based on contemporaneous time records specifying relevant dates, time spent and work done." *Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-cv-5207, 2016 WL 4179943, at *6 (E.D.N.Y. Aug. 5, 2016) (internal quotation marks and citations omitted). Therefore, a party seeking attorneys' fees at a flat fee rate must present contemporaneous time records for each attorney that

11

show the date, number of hours expended and nature of the work done. *Id.* (citations omitted).

Here, as set forth above, CIT has submitted its attorney's affirmation and copies of legal invoices. However, neither the Monahan Affirmation nor the invoices provide any information about the 25 hours of work that was billed at a flat fee rate. The Monahan Affirmation only provides the number of hours that each attorney billed at the flat fee rate, without any description of what type of work was performed. *See* Monahan Aff. ¶¶ 10, 12, 13. Moreover, the number of hours that each attorney billed at a flat fee rate according to the Monahan Affirmation amounts to only 16, rather than 25. *Id.* at ¶ 10 ("Michael H. Resnikoff . . . billed 0.1 hours on this case which was applied to the flat fee."); *id.* at ¶ 12 ("Andrew L. Jacobson . . . billed 6.4 hours as part of the flat fee[.]); *id.* at ¶ 13 ("Sean K. Monahan . . . billed 9.5 hours at the flat fee rate[.]). The invoices offer no clarity or further information, as they only reflect work billed at hourly rates. The invoices contain numerous entries of work performed by attorneys in varying increments of time, without delineating which hours the attorneys worked at an hourly rate and which hours they worked at a flat fee rate. One invoice, dated September 19, 2017, contains 45 entries that amount to a total of $2,800.00, but which appear to be billed at an hourly rate. *See* Aff. Ex. at 6-8.[6] This is not the first time that Plaintiff has submitted invoices that fail to indicate what type of work was performed at a flat fee rate. Indeed, in adopting— over CIT's objections—Judge Brown's Report and Recommendation denying

---

[6] The Court refers to the page numbers generated by electronic filing in the top right-hand corner of the Exhibit to the Monahan Affirmation.

12

Plaintiff's request for attorneys' fees, Judge Spatt found that "[t]he summary for hours worked in [the] invoice does not differentiate between the flat rate and the hourly rate . . . [and] the . . . information on the invoice makes it appear as if all 25.50 hours were billed at the hourly rate." *See* DE [37] at 8. The invoice that Plaintiff submits with the instant motion is the same invoice that Judge Spatt previously rejected. *Compare* Aff. Ex. at 6-8 *with* DE [27-8] at 6-8[7]; *see also* DE [37] at 8.

In light of Plaintiff's failure to submit adequate records to establish the reasonableness of its flat fee rate of $2,800.00, the Court respectfully recommends denying CIT's motion with respect to its request for $2,800.00. *See Incredible Foods Grp., LLC*, 2016 WL 4179943, at *6 ("Where adequate records are not submitted, the court may deny fees altogether or reduce the award.") (internal quotation marks, citation and alteration omitted); *see also CIT Bank, N.A. v. Elliot*, No. 15-cv-4395, 2019 WL 2436212, at *8 (E.D.N.Y. Feb. 5, 2019) (recommending denial of motion for attorneys' fees where, among other things, plaintiff submitted billing records that did not identify "which individuals billed hours that were attributable to the flat fee services and which individuals billed fees for services billed at hourly rates[]").

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for attorneys' fees be granted with respect to services billed at hourly rates in a reduced amount of $12,555.00. The Court further recommends that

---

[7] The Court refers to the page numbers generated by electronic filing in the top right-hand corner of DE [27-8].

13

CIT's request for $2,800.00 in attorneys' fees billed at a flat fee rate be denied without prejudice to renewal.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. CIT is directed to serve a copy of it on Defendants via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         May 10, 2020

                                    /s/ Steven I. Locke
                                    STEVEN I. LOCKE
                                    United States Magistrate Judge