FILED
CLERK

2:59 pm, May 26, 2020

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
CIT BANK, N.A.,

                Plaintiff,

    -against-

ANDREA GORDON, AUBREY LOVE,
EILEEN K. PARK, JESUS HERNANDEZ,
LINDA LARIOS, LATONJI BISHOP,
PLASTIC SURGEONS, P.C., BROOKHAVEN
MEMORIAL HOSPITAL,

                Defendants.
---------------------------------------------------------X

**ADPOTION ORDER**
2:17-cv-3972 (ADS) (SIL)

**APPEARANCES:**

**Knuckles, Komosinski & Manfro, LLP**
*Attorneys for the Plaintiff*
565 Taxter Road, Suite 590
Elmsford, NY 10523
    By:    Erina Fitzgerald, Esq.,
              Michel Lee, Esq., Of Counsel.

**Eileen K. Park**
*Pro se Defendant*
143-07 Sanford Avenue, Apt. 3G
Flushing, NY 11355

**SPATT, District Judge**:

On July 5, 2017, the Plaintiff brought a diversity action against the following defendants: Andrea Gordon, Aubrey Love, Eileen K. Park, Jesus Hernandez, Linda Larios, Latonji Bishop, Brookhaven Memorial Hospital, and Suffolk Plastic Surgeons, P.C. ("the Defendants").  ECF 1. The Plaintiff brought the action to foreclose a mortgage encumbering property located at 615 Bryant Street, Westbury, New York 11590.  *Id.*

1

One of the Defendants, Eileen K. Park ("Park"), filed a pro se answer. ECF 17. On September 27, 2017, after the other Defendants failed to answer or otherwise respond, the Plaintiff requested a certificate of default as to those Defendants. ECF 20. On October 2, 2017, the Clerk of Court entered a default against those Defendants. ECF 21. Afterward, the Plaintiff and Park reached a stipulation by which, inter alia, Park consented to a Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(c) judgment on the pleadings in the Plaintiff's favor, in order to accelerate the sale of the property at 615 Bryant Street. ECF 25, 26.

On December 14, 2017, the Plaintiff moved for a default judgment against the Defendants in addition to Park; a computation of sums due; and a judgment of foreclosure and sale. ECF 27. The Plaintiff asked for attorney's fees of $10,422.50, which included a $2,800.00 flat fee, $5,422.50 in fees for services billed at hourly rates, and $2,200.00 in anticipated fees. ECF 27-1 at 10. It also asked for $2,200.50 in costs. *Id.* at 6. The Plaintiff appended to the default judgment motion an affirmation discussing, *inter alia*, attorney's fees and costs. *Id.* It also attached invoices that detailed records of legal fees and costs. ECF 27-8.

On December 15, 2017, the Court referred the motion to then United States Magistrate Judge Gary R. Brown for a Report and Recommendation as to whether the motion for a default judgment and judgment of foreclosure and sale should be granted, and, if so, whether damages should be awarded, including reasonable attorney's fees and costs. ECF 28.

On August 30, 2018, Judge Brown issued a Report and Recommendation (the "First R&R"), recommending as follows:

> Based on the foregoing, the undersigned respectfully recommends that the plaintiff's motion for default judgment of foreclosure and sale be GRANTED in accordance with this Report and Recommendation. In addition, the undersigned recommends that a Judgment of Foreclosure and Sale be entered in a form substantially similar to that proposed by plaintiff. *See* Monahan Aff., DE 27-9. The undersigned further recommends that the Court appoint Kathryn C. Cole,

2

>Esq., 1320 RXR Plaza, Uniondale, New York 11556 to serve as a referee to effectuate the sale of the property.

ECF 30 at 3. In addition, Judge Brown recommended denying the request for attorney's fees, without prejudice to renewal, because (a) counsel did not provide supporting documentation that "sufficiently detailed and itemized" the fees sought; and (b) courts typically do not award fees before parties incur them. *Id.* at 5.

Regarding the itemization of fees, Judge Brown observed that, with the exception of one of the Plaintiff's five attorneys, the Plaintiff did not clearly state "which individuals billed hours that were attributable to the flat fee services and which individuals billed fees for services billed at hourly rates." *Id.* at 4–5. Judge Brown recommended granting leave to renew upon the submission of appropriate documentation. *Id.* at 5. As to costs, Judge Brown, recommended awarding Plaintiff $855.00 in costs and denying the request for the remaining $390.00, without prejudice to renewal, upon the submission of proper documentation. *Id.*

After the issuing of the First R&R, the Court stayed the case pending a bankruptcy proceeding of Defendant Andrea Gordon. ECF 32. On May 9, 2019, after the bankruptcy court closed Gordon's case, the Court lifted the stay. ECF 34.

The Plaintiff objected to the First R&R's calculation of attorney's fees and costs. ECF 36. The Court overruled the objection as to attorney's fees; sustained the objection as to costs; and adopted the First R&R in part, as to the granting of the default judgment, judgment of foreclosure and sale, the appointment of Kathryn C. Cole, and the denial, without prejudice to renewal, of the motion for attorney's fees. ECF 37.

In September 2019, the Plaintiff again moved for attorney's fees. ECF 40. The Plaintiff asked for an award of $21,964 in attorney's fees, which included: (1) $2,800 for services billed at a flat fee rate; and (2) $19,164 in fees for services billed at hourly rates. *Id.* It also submitted

3

an attorney's affirmation and copies of legal invoices in support. ECF 40-1, 40-2. The attorney affirmation stated that the Plaintiff asked for the $2,800 for 25 hours billed at a flat fee rate. ECF 40-1 at 2.

The Court referred the attorney's fees motion to Judge Brown for a report and recommendation as to whether the motion should be granted, and if so, what relief, if any, could be afforded. ECF 41. United States Magistrate Judge Steven I. Locke is now assigned to the case.

On May 10, 2020, Judge Locke issued a report and recommendation (the "Second R&R"), recommending that the Court grant the motion in part and deny it in part. ECF 45. As to the request for $2,800 billed at a flat fee rate, Judge Locke recommended that the Court deny the request, without prejudice to renewal, because:

> neither the Monahan Affirmation nor the invoices provide any information about the 25 hours of work that was billed at a flat fee rate. The Monahan Affirmation only provides the number of hours that each attorney billed at the flat fee rate, without any description of what type of work was performed. Moreover, the number of hours billed at a flat fee rate according to the Monahan Affirmation amounts to only 16, rather than 25. The invoices offer no clarity or further information, as they only reflect work billed at hourly rates. The invoices contain numerous entries of work performed by attorneys in varying increments of time, without delineating which hours the attorneys worked at an hourly rate and which hours they worked at a flat fee rate.

*Id.* at 12 (internal citations and parentheticals omitted). As to the fees billed at an hourly rate, Judge Locke recommended that the Court grant the motion in part, by reducing the fee award to $12,555, because: (1) the invoices submitted by the Plaintiff showed more hours worked than in the attorney affirmation; and (2) the Plaintiff did not indicate one individual's position with the law firm, and thus recommended denying the request for fees as to that individual. *Id.* at 7–11.

The Plaintiff filed proof of service of the Second R&R on May 11, 2020. ECF 46. It has been more than fourteen days since the service of the R&R. The parties have not filed

objections.  As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has reviewed the Second R&R for clear error, and, finding none, now concurs in both its reasoning and its result.  *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346 at *1 (reviewing R&R without objections for clear error).

Accordingly, the Second R&R is adopted in its entirety.  The Court grants in part and denies in part the attorney's fees motion, and awards the Plaintiff attorney's fees in the amount explained in the Second R&R.  Also pursuant to the Second R&R, the Plaintiff's request for $2,800 in attorney's fees billed at a flat fee rate is denied, without prejudice to renewal.

**SO ORDERED.**

Dated: Central Islip, New York         /s/ Artur D. Spatt

May 26, 2020                  ARTHUR D. SPATT

                      United States District Judge

5